UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GERALD WALKER,

                Plaintiff,

   -against-

VELEZ,

               Defendant.

24-CV-01072 (LTS)

ORDER DIRECTING PAYMENT OF FEES
OR IFP APPLICATION AND
PRISONER AUTHORIZATION AND
AMENDED COMPLAINT

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Sullivan Correctional Facility, brings this action *pro se*. He submitted a letter in which he requests "to proceed with my 1st amended complaint . . . against Velez."[1] (ECF 1, at 1.) The Clerk's Office opened the letter as a new civil action.

As set forth below, the Court directs Plaintiff to (1) either pay $350.00 in fees or submit an application to proceed *in forma pauperis* ("IFP") and a prisoner authorization; and (2) complete and sign the attached amended complaint form.

## DISCUSSION

**A.    Payment of Fees or Request to Waive Fees**

To proceed with a civil action in this Court, a prisoner must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed IFP, that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court to withdraw these

---

[1] Plaintiff does not appear to have any other cases pending in this court.

payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[2] from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

Plaintiff submitted letter without the filing fees or a completed IFP application and prisoner authorization. Within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit the attached IFP application and prisoner authorization forms. If Plaintiff submits the IFP application and prisoner authorization, they should be labeled with docket number 24-CV-01072 (LTS).[3]

## B. The Court Directs Plaintiff to Submit an Amended Complaint

Under Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Plaintiff submitted a letter to the court that includes one name, Velez, but it does not contain a caption clearly identifying who he seeks to sue and why. The Court therefore directs him to complete and sign the attached amended complaint form where he must name the defendants and state facts in support of each claim he intends to assert against each named defendant. If Plaintiff does not know the name of a defendant, he may list an individual as a John or Jane Doe Defendant and include descriptive information. Finally, Plaintiff must describe the relief he is seeking.

---

[2] The $55.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

[3] Plaintiff is cautioned that if a prisoner files a federal civil action or appeal that is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and he must pay the filing fees at the time of filing any new action.

**CONCLUSION**

The Court directs Plaintiff to pay the $405.00 in fees or submit the attached IFP application and prisoner authorization, within 30 days of the date of this order. The Court also directs Plaintiff to complete and sign the attached Amended Complaint form and return it to the court with payment of the fees, or an IFP application and prisoner authorization.

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: February 15, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge